GAYLE A. KERN, ESQ.
Nevada Bar No. 1620
KERN & ROSENAUER, LTD.
499 West Plumb Lane, Suite 202
Reno, Nevada 89509
(775) 324-1011

Attorneys for Defendants
 Housing Authority of the City of Reno and
 David Morton

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRUCKEE MEADOWS FAIR HOUSING; and ROBERTA KUGUENKO,<br><br>Plaintiffs,<br><br>vs.<br><br>HOUSING AUTHORITY OF THE CITY OF RENO; DAVID MORTON in his capacity as the director of the HOUSING AUTHORITY OF THE CITY OF RENO; ARCHITECTS +, a Nevada licensed architecture firm; Paul D. Walsh, AIA; JOSEPH PACE CONSTRUCTION, Inc., a Nevada corporation; McKENZIE-NALL CO., a Nevada corporation,<br><br>Defendants._____/ | CASE NO.:  CV-N-00-0596-HDM-RAM |

and related cross complaint
_____/

### ANSWER OF DEFENDANTS HOUSING AUTHORITY OF THE CITY OF RENO AND DAVID MORTON TO CROSS COMPLAINT OF PACE CONSTRUCTION, INC.

Cross-defendants Housing Authority of the City of Reno and David Morton, by and through their attorneys, Kern & Rosenauer, Ltd., for their answer to the cross-complaint of cross-complainant Pace Construction, Inc. on file herein do admit, deny and specifically allege as follows:

///

///

33.

## I. JURISDICTION AND VENUE

1. Answering paragraphs 1 and 2 of the cross-complaint entitled Jurisdiction and Venue, these answering cross-defendants admit the allegations contained therein.

## II. GENERAL ALLEGATIONS

2. Answering paragraph 3 of the cross-complaint in the section entitled General Allegations, these answering cross-defendants admit that the Housing Authority of the City of Reno is a governmental agency with its principal place of business located at 1525 East Ninth Street in Reno, Nevada and operates a total of eight public housing developments with 758 units and operates another eight housing complexes with 297 units and owns and operates and continues to own and operate the McGraw Court apartment complex. These answering cross-defendants allege that Silver Sage is operated through a Joint Venture Agreement with Silver Sage Manor, Inc. and owned by the Silver Sage Joint Venture. These answering cross-defendants allege that pursuant to the requirements of the Department of Housing and Urban Development and in reliance on its hired professionals, the Housing Authority of the City of Reno developed the McGraw Court and Silver Sage apartment units. These answering cross-defendants deny the remaining allegations of paragraph 3.

3. Answering paragraph 4 of the cross-complaint in the section entitled General Allegations, these answering cross-defendants admit that David Morton is the executive director of the Housing Authority of the City of Reno and Mr. Morton acts in his capacity as executive director and not on day-to-day actions. With respect to each and every remaining allegation contained in paragraph 4, these answering cross-defendants deny the same.

4. Answering paragraphs 5, 6, 7, 8 and 9 of the cross-complaint in the section entitled General Allegations, these answering cross-defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs and based thereon deny the same.

5. Answering paragraph 10 of the cross-complaint in the section entitled General Allegations, these answering cross-defendants admit each and every allegation set forth therein.

2

6. Answering paragraph 11 of the cross-complaint in the section entitled General Allegations, these answering cross-defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and based thereon deny the same.

### III. FIRST CLAIM FOR RELIEF
### [BREACH OF IMPLIED WARRANTY]

7. Answering paragraph 12 of the cross-complaint entitled First Claim fro Relief, these answering cross-defendants deny any allegation that it prepared, produced or provided the plans and specifications for the Silver Sage Construction project.

8. Answering paragraphs 13, 14, and 15 of the cross-complaint in the section entitled First Claim for Relief, these answering cross-defendants deny each and every allegation contained therein. To the extent the allegations relate to other cross-defendants, these answering cross-defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs and based thereon denies the same.

9. Answering paragraph 16 of the cross-complaint in the section entitled First Claim for Relief, these answering cross-defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and based thereon deny the same.

### IV. SECOND CLAIM FOR RELIEF
### [EQUITABLE INDEMNIFICATION AND CONTRIBUTION]

10. Answering paragraph 17 of the cross-complaint in the section entitled Second Claim for Relief, these answering cross-defendants adopt by reference and incorporates herein, each, every and all of its answers to paragraphs 1 through 16, inclusive, of the cross-complaint as if set forth in full herein.

11. Answering paragraphs 18 and 21 of the cross-complaint in the section entitled Second Claim for Relief, these answering cross-defendants are without knowledge or

information sufficient to form a belief as to the truth of the allegations contained in this paragraph and based thereon deny the same.

12. Answering paragraphs 19 and 20 of the cross-complaint in the section entitled Second Claim for Relief, these answering cross-defendants deny each and every allegation contained therein. To the extent the allegations relate to other cross-defendants, these answering cross-defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs and based thereon denies the same.

## V. THIRD CLAIM FOR RELIEF
## [DECLARATORY JUDGMENT]

13. Answering paragraph 22 of the cross-complaint in the section entitled Third Claim for Relief, these answering cross-defendants adopt by reference and incorporates herein, each, every and all of its answers to paragraphs 1 through 21, inclusive, of the cross-complaint as if set forth in full herein.

14. Answering paragraph 23 of the cross-complaint in the section entitled Third Claim for Relief, these answering cross-defendants admit the truth of each and every allegation contained therein.

15. Answering paragraphs 24 and 26 of the cross-complaint in the section entitled Third Claim for Relief, these answering cross-defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in these paragraphs and based thereon deny the same.

16. Answering paragraph 25 of the cross-complaint in the section entitled Third Claim for Relief, these answering cross-defendants deny the truth of each and every allegation contained therein. To the extent the allegations relate to other cross-defendants, these answering cross-defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and based thereon denies the same.

AS FOR SEPARATE AND AFFIRMATIVE DEFENSES, THESE ANSWERING CROSS-DEFENDANTS ALLEGE AND AVER AS FOLLOWS:

### FIRST AFFIRMATIVE DEFENSE

The cross-complaint of cross-complainant fails to state a claim upon which relief may be validly granted.

### SECOND AFFIRMATIVE DEFENSE

The cross-complaint is barred by the applicable statute of limitations period.

### THIRD AFFIRMATIVE DEFENSE

The cross-complaint has been extinguished by Nevada's statutes of repose.

### FOURTH AFFIRMATIVE DEFENSE

The cross-complaint for equitable indemnification and contribution is not viable inasmuch as these answering cross-defendants have no liability to plaintiffs for the damages sought by plaintiffs and, hence, a necessary predicate to the liability of cross-defendants under an equitable indemnity or contribution claim does not exist.

### FIFTH AFFIRMATIVE DEFENSE

Any tort claim asserted by cross-complainant against these answering cross-defendants is precluded by Nevada's economic loss doctrine inasmuch as no privity of contract exists between plaintiffs, cross-complainant and these answering cross-defendants and cross-complainants seek recovery for pure economic loss.

### SIXTH AFFIRMATIVE DEFENSE

Pursuant to the provisions of Rule 11 of the Federal Rules of Civil Procedure, at the time of the filing of these answering cross-defendants' answer, all possible affirmative defenses may not have been alleged inasmuch as insufficient facts and other relevant information may not have been available after reasonable inquiry, and therefore, these answering cross-defendants reserve the right to amend this answer to allege additional affirmative defenses if subsequent investigation warrants the same.

///

///

**WHEREFORE,** these answering cross-defendants pray as follows

1. That cross-complainants take nothing by reason of their cross-complaint;
2. That the cross-complaint be dismissed; and
3. That judgment be entered in favor of these answering cross-defendants and against cross-complainant for a reasonable attorneys' fee, for costs of suit and for such other and further relief as may be just and proper in the premises.

DATED this 20th day of March, 2001.

KERN & ROSENAUER, LTD.

*/s/ Gayle A. Kern*
GAYLE A. KERN, ESQ.
Attorneys for Defendants
Housing Authority of the City of Reno and
David Morton

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of the law offices of Kern & Rosenauer, Ltd., 499 West Plumb Lane, Suite 202, Reno, NV 89509, and that on the 20th day of March, 2001, I served the foregoing document(s) described as follows:

ANSWER OF DEFENDANTS HOUSING AUTHORITY OF THE CITY OF RENO AND DAVID MORTON TO CROSS COMPLAINT OF PACE CONSTRUCTION, INC.

On the party(s) set forth below by:

__X__  Placing an original or true copy thereof in a sealed envelope placed for collection and mailing in the United States Mail, at Reno, Nevada, postage prepaid, following ordinary business practices.

_____  Personal delivery.

_____  Facsimile (FAX).

_____  Federal Express or other overnight delivery.

_____  Reno-Carson Messenger Service.

addressed as follows:

Ian Silverberg, Esq.
96 Winter Street
Reno, NV 89503

Christopher Brancart, Esq.
Brancart & Brancart
P.O. Box 686
Pescadero, CA 94060

James Shields Beasley, Esq.
435 Court Street
P.O. Box 2936
Reno, NV 89505

Lori M. Story, Esq.
Bible, Hoy & Trachok
201 W. Liberty St., Ste. 300
Reno, NV 89501

Dated this 20th day of March, 2001.

JOY I. KELLER

SUBSCRIBED & SWORN TO before me this 20th day of March, 2001.

_____
Notary Public


CHRISTINE A. LAMIA
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 96-4804-2 - Expires December 14, 2004

7